| |
|---|
| **BRJ Realty Inc. v Niblack** |
| 2024 NY Slip Op 31970(U) |
| June 6, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 159673/2023 |
| Judge: Arlene P. Bluth |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. ARLENE P. BLUTH**      PART       **14**

*Justice*

-------------------------------------------------------------------------------X

BRJ REALTY INC.,

           Petitioner,

         - v -

PRESTON NIBLACK, in his capacity as the Commissioner
of the NEW YORK CITY DEPARTMENT OF FINANCE,
and the NEW YORK CITY DEPARTMENT OF FINANCE,
                Respondents.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 159673/2023 |
| **MOTION DATE** | N/A |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1- 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36

were read on this motion to/for               ARTICLE 78              .

      The cross-motion to dismiss the petition is granted.

**Background**

      This special proceeding concerns respondents' denial of petitioner's request to correct a taxable assessed value of a property owned by petitioner. Petitioner insists that respondents miscounted the total number of units; they included both residential and commercial instead of only counting the total number of *residential* units. It claims that its attorney submitted a clerical error remissions request through respondents' web portal in December 2017 to correct the values for the tax years 2012/13 through 2017/2018.

      Respondents move to dismiss on the ground that petitioner entered into *two* settlement agreements with the Tax Commission of the City of New York on October 14, 2014 and October 5, 2017 in which petitioner waived its right to assert the claims lodged here. They point out that petitioner is effectively seeking to circumvent the terms of these settlements by bringing this

159673/2023   BRJ REALTY INC. vs. NIBLACK, PRESTON ET AL            Page 1 of 5
Motion No. 001

1 of 5

[* 1]

proceeding. Respondents also point out that petitioner may not seek a review of the tax years 2018/19 through 2023/24 because those years were not part of its application. They insist that petitioner did not exhaust its administrative remedies for these years.

In opposition to the cross-motion, petitioner admits that it accepted the reduction in assessed value in the aforementioned settlements but that it was based on a mutual mistake about how to calculate the number of units. It claims that this Court has the power, as a court of equity, to correct the misclassification of its property and the resulting property tax assessment. Petitioner argues that respondents have already agreed that the property was misclassified for all of the tax years at issue. It maintains that that a clerical error submission, like the one petitioner did here, is separate and apart from an appeal to the Tax Commission. Petitioner emphasizes that nothing in the relevant statutory scheme prevents respondents from seeking this correction.

In reply, respondents claim there was no mutual mistake regarding the Tax Commission settlements and that petitioner failed to support its claim that it would be futile to exhaust administrative remedies.

**Discussion**

"It is a long-standing, well-established standard that the judicial review of an administrative determination is limited to whether such determination was arbitrary or capricious or without a rational basis in the administrative record and once it has been determined that an agency's conclusion has a sound basis in reason, the judicial function is at an end. Indeed, the determination of an agency, acting pursuant to its authority and within the orbit of its expertise, is entitled to deference and even if different conclusions could be reached as a result of conflicting evidence, a court may not substitute its judgment for that of the agency when the agency's determination is supported by the record" (*Partnership 92 LP v State Div. of Hous. and*

**159673/2023   BRJ REALTY INC. vs. NIBLACK, PRESTON ET AL**
**Motion No.  001**

**Page 2 of 5**

2 of 5

[* 2]

*Community Renewal*, 46 AD3d 425, 428-29 [1st Dept 2007], *affd* 11 NY3d 859 [2008] [internal quotations and citations omitted]).

This Court's analysis begins with the tax commission settlement agreements. Each one is based on terms that provide that "If you sign the acceptance agreement, you agree to all of the stated terms and waive your rights to further review of the current and prior assessments, including further review of claims relating to determinations by the Department of Finance of exemption and classification" (NYSCEF Doc. No. 23, ¶ 1). It also states that "The applicant accepts the assessment proposed by this offer and will not commence a proceeding to review the current assessment" and that "All assessments for past years are confirmed without adjustment, except to the extent this offer adjusts last year's assessment, and except to the extent that a prior year's assessment is the subject of a combined offer" (*id*. ¶ 9).

In other words, respondents offered to reduce petitioner's tax assessment in exchange for petitioner's agreement to abide by these terms and conditions, which serves the purpose of promoting finality regarding a dispute. The presence of a clear and unambiguous agreement between petitioner and respondents compels the Court to grant the cross-motion to dismiss. The Court observes that the First Department has already ruled in a substantially similar case, *Oversight Mgt. Services, LLC v Soliman*, 220 AD3d 445, 446, 198 NYS3d 2 [1st Dept 2023]), that these tax settlement agreements preclude further challenges to tax classifications. In that case, the First Department held that "petitioner waived its right to seek judicial review of respondent's tax assessments" based on petitioner's assent to the same type of settlement agreement at issue here (*id*.). And, just as here, the petitioner in *Oversight* sought to challenge the denial of its request to change its classification (*id*.).

**159673/2023   BRJ REALTY INC. vs. NIBLACK, PRESTON ET AL**
**Motion No.  001**

**Page 3 of 5**

3 of 5

Petitioner's argument that there was some sort of mutual mistake is unavailing. "Generally, a contract entered into under a mutual mistake of fact is voidable and subject to rescission because it does not represent the 'meeting of the minds' of the parties. In order to justify rescission, the mutual mistake must exist at the time the contract is entered into and must be substantial" (*Eisenberg v Hall*, 147 AD3d 602, 604, 48 NYS3d 71 [1st Dept 2017] [internal quotations and citation omitted]).

Here, there was a clear meeting of the minds that included an agreement whereby petitioner waived its right to challenge the classification of the building for purposes of its property tax assessment. As respondents point out, a risk inherent in entering into any settlement agreement is that changing circumstances may cause a party to regret the settlement (here, petitioner claims that a recent Second Department case changed how buildings are classified for purposes of tax assessments). But that does not compel a finding that there was a mutual mistake of fact. Rather, petitioner had every right to challenge its classification and decided to settle the issue. That circumstances have since changed is not a reason to void a valid settlement. In any event, petitioner did not meet its burden to show how respondents participated in this purportedly mutual mistake of fact.

As the First Department made clear, "settlement agreements are generally favored by the courts, and we perceive no public policy or other reason for setting aside the parties' agreements" (*Oversight*, 220 AD3d at 446). There is no basis for this Court to disturb a settlement agreement where petitioner, represented by able counsel, decided to enter into such an agreement with unambiguous terms.

The Court also grants the cross-motion to the extent it seeks to dismiss petitioner's request relating to the tax years 2018/19 through 2023/24 as petitioner failed to exhaust its

**159673/2023 BRJ REALTY INC. vs. NIBLACK, PRESTON ET AL**
**Motion No. 001**

**Page 4 of 5**

[* 4]

administrative remedies. Petitioner did not meet its burden to show that utilizing the

administrative process would be futile.

Accordingly, it is hereby

ORDERED that respondents' cross-motion to dismiss is granted; and it is further

ADJUDGED that the petition is denied and this proceeding is dismissed without costs or

disbursements.

|  6/6/2024 | | | | | |
| --- | --- | --- | --- | --- | --- |
| **DATE** | | | | **ARLENE P. BLUTH, J.S.C.** | |
| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
| | | GRANTED | DENIED | GRANTED IN PART | X OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**159673/2023   BRJ REALTY INC. vs. NIBLACK, PRESTON ET AL**
**Motion No.  001**

**Page 5 of 5**

5 of 5